# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

EMIGDIO G. ESTEVEZ,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

No. 2:10-CV-03036-JPH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment noted for hearing without oral argument on September 16, 2011. (ECF Nos. 14, 16.) Attorney Thomas Bothwell represents Plaintiff, Emigdio G. Estevez. Special Assistant United States Attorney Kathryn A. Miller represents the Commissioner of Social Security (Defendant). The parties have consented to disposition by a magistrate. (ECF No. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff protectively filed for Disability Insurance Benefits and Supplemental Security Income (SSI) on September 23, 2004 and September 10, 2004, respectively. (Tr. 75-78, 537-40.) Plaintiff alleged onset date of October 15, 2003. (*Id.*) Plaintiff alleges disability due to anxiety disorder, depression, headaches, eye pain and high blood pressure. (*Id.*) Benefits were denied initially and on reconsideration. (Tr. 39-42, 35-36.) On May 16, 2008, Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard Say on

February 21, 2008. (Tr. 564-80.) Plaintiff, represented by counsel, Thomas Bothwell, testified (Tr. 566-77), as did vocational expert ("VE") Daniel McKinney. (Tr. 577-80.) On April 12, 2008, ALJ Say issued a decision finding Plaintiff not disabled. (Tr. 18-26.) Almost two years later, the Appeals Council denied review on April 30, 2010. (Tr. 6-8.) The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on June 29, 2010. (ECF No. 4.)

## STATEMENT OF THE CASE

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both Plaintiff and Defendant, and will only be summarized here. Plaintiff was 42 years old when he applied for benefits and 45 years old when the ALJ filed his decision. (Tr. 75.) Plaintiff is right handed. (Tr. 570.) Plaintiff testified he currently lives with his wife and four children. (*Id.*) Plaintiff testified to a six year education in Mexico. (*Id.*) Plaintiff also testified that he is able to read and speak but only in Spanish. (*Id.*) Plaintiff has past work as an orchard worker. (Tr. 139-40.) Plaintiff testified his health problems do not permit him to work. (Tr. 573.) Plaintiff further testified his headaches required that he lay down for at least an hour and a half during each 8-10 hour day. (Tr. 575.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999); *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Sec. of Health and Human Serv.,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence"

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 399. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1098; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988) (*per curiam*). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disabled individual" as one who "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

First, the ALJ found Plaintiff met the insured status requirements through December 31, 2008. (Tr. 20, Finding 1.) At step one, ALJ Say found Plaintiff had not engaged in substantial

gainful activity since October 15, 2003, the alleged onset date. (*Id.*, Finding 2.) At step two, the ALJ found Plaintiff suffered from medically determinable impairments including headaches and hypertension. (*Id.*, Finding 3.) The ALJ next determined Plaintiff's medically determinable impairments did not significantly limit Plaintiff's ability to work and determined therefore that Plaintiff did not have a severe impairment or combination of impairments. (*Id.*, Finding 4.) The ALJ also found Plaintiff was not credible as to the intensity, persistence and limiting effects of his alleged symptoms. (Tr. 22.) Because Plaintiff did not have a severe impairment or combination of impairments, the ALJ concluded Plaintiff was not under a disability as defined under the Social Security Act from October 15, 2003 to April 12, 2008, the date of the ALJ's decision. (Tr. 26, Finding 5.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff argues that the ALJ erred (1) by improperly rejecting the opinions of claimant's treating and examining medical providers; and (2) by denying Plaintiff's claim at step two. (ECF No. 15.) Asserting the ALJ appropriately considered the evidence and made a decision based on substantial evidence, the Commissioner asks the Court to affirm the ALJ's decision. (ECF No. 17.)

**DISCUSSION**

**A.    Medical Opinion Evidence**

Plaintiff argues the ALJ failed to provide adequate reasons for rejecting the limitations found by Rosa Maria Borders, M.D., M.P.H., Michael Jach, M.D., and Gary Nelson, Ph.D., "offer[ing] little more than his own contrary opinion [Plaintiff's] impairments are insignificant and would not cause any limitations." (ECF No. 15 at 12.) Defendant points out the ALJ gave great weight to the opinions of Drs. Nelson and Borders and did not err in failing to discuss Dr. Jach's opinion because it was not significant or probative. (ECF No. 17 at 19-20.)

The ALJ must consider all medical evidence and must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the medical opinion is contradicted, it can only be

rejected for "specific and legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten v. Sec. of Health and Human Serv.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Further, the Ninth Circuit has held the reviewing court can read the adjudicator's summary of the evidence and findings and draw specific and legitimate inferences based on substantial evidence. *Id.* at 755. Finally, an error may be considered harmless where the error "occurred during an unnecessary exercise or procedure;" is non-prejudicial to the Plaintiff; is considered irrelevant to the determination of non-disability; or if the reviewing court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if erroneously disregarded testimony was credited. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

  **1.** *Dr. Jachs*

Dr. Jachs treated Plaintiff for his headaches and other health complaints from 2001 to 2005. (Tr. 177, 181, 184, 187, 191-92, 205, 207, 209-10, 214, 219-20, 227-29, 231-34, 237, 240-41.) Dr. Jachs completed a Medical Documentation form for the State of Washington's Department of Social and Health Services in 2004. (Tr. 229.) On the form, Dr. Jachs opined Plaintiff was unable to work full time and could work only at the light level of exertion, defined as "office type jobs etc." (*Id.*) Dr. Jachs further opined Plaintiff could return to work in three to six months. (*Id.*) Plaintiff argues the ALJ did not properly reject this opinion. (ECF No. 15 at 12.) The ALJ does not specifically address this opinion from Dr. Jachs but does note, "Moreover, given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by a treating doctor. Yet, a review of the record in this case

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

reveals no restrictions recommended by a treating doctor." (Tr. 24.) While the ALJ's statement may be at odds with the opinion of Dr. Jachs, as Defendant points out, Dr. Jachs did not express Plaintiff was disabled; rather, Dr. Jachs only opined that Plaintiff could not work full time, was limited to a "light" level job and would be able to return to work in 3-6 months. Because logical inferences may be drawn to support the ALJ's decision from the opinion, *Magallanes v. Bowen*, 881 F.2d at 755, it can be inferred the ALJ found this opinion not probative or relevant since the opinion only places limitations on Plaintiff's ability to work until March 2005. No subsequent report of limitations from Dr. Jachs or any other treating provider is included in the record. As such, the ALJ did not err in rejecting this opinion because it is not relevant evidence. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Even if Plaintiff were to prevail on this issue, the outcome would still be the same. Following the "credit as true" doctrine, *see Lester v. Chater*, 81 F.3d at 834; *Smolen v. Chater*, 80 F.3d 1273, 1291-92 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989), and crediting the allegedly improperly rejected opinion of Dr. Jachs, Plaintiff would be found unable to work full time in anything more than a "light" occupation only through March 2005 at the most. To be disabled, a plaintiff must be unable to work due to a medically determinable impairment which is expected to result in death or last at least 12 months' duration. 20 C.F.R. §§ 404.1505, 416.905. As Dr. Jachs' September 2004 opinion only restricts Plaintiff from working "3-6 months" (Tr. 229), Dr. Jachs' limitations do not last the required 12 months. Because the court can confidently conclude no reasonable ALJ would find Plaintiff disabled even crediting Dr. Jachs' opinion, any claimed error is harmless. *Stout v. Comm'r*, 454 F.3d at 1056. As substantial evidence supports this finding and any claimed error would be harmless, the ALJ's treatment of Dr. Jachs is affirmed.

### 2. *Dr. Nelson*

Dr. Nelson completed a Mental Capacity Assessment in February 2005 and assessed moderate limitations in Plaintiff's abilities to maintain attention and concentration for extended periods and to interact appropriately with the general public. (Tr. 165-66.) Dr. Nelson specifically found, "Anxiety may interfere at times with prolonged concentration, but claimant can generally

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

focus adequately [on] most tasks.... Anxiety may result in some discomfort when dealing with the public, but claimant is capable of cooperating appropriately on work assignments." (Tr. 167.) Plaintiff argues Dr. Nelson, along with others, "noted significant limitations." (ECF No. 15 at 12.) Plaintiff further argues the ALJ failed to provide valid reasons for rejecting these opinions. (*Id.*) As Defendant points out, the ALJ did not reject Dr. Nelson's opinion but rather "gave [it] great weight." (ECF No. 17 at 19.) The ALJ found

> The residual functional capacity conclusions reached by the doctors employed by the State Disability Determination Services support finding the claimant does not have a severe impairment. Although those physicians were non-examining, their opinions do deserve some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision). (Tr. 24.)

In contrast to Plaintiff's argument, the ALJ did accept the opinion of Dr. Nelson and used it to support his finding Plaintiff is not disabled because his impairments do not cause more than a minimal effect on his ability to work. (*Id.*) Further, Dr. Nelson's opinion is supported by the record. Dr. Nelson's mental functional capacity assessment finds moderate limitations in the ability to maintain attention and concentration for extended periods and in the ability to interact appropriately with the general public. (Tr. 165-66.) Dr. Nelson notes these limitations are related to Plaintiff's anxiety. (Tr. 167.) In 2007, Jay M. Toews, Ed.D. evaluated Plaintiff, conducting several objective psychological tests. (Tr. 351-67.) Dr. Toews diagnosed malingering, somatization tendencies, alcohol abuse in sustained full remission, and adjustment disorder with anxiety and depression, controlled by medications. (Tr. 356.) Dr. Toews also reviewed Plaintiff's medical records in making his report. (Tr. 352-53.) Dr. Toews's note of anxiety symptoms in his evaluation supports Dr. Nelson's finding that anxiety may cause moderate limitations. Further, Dr. Toews found Plaintiff's anxiety was well controlled with medication. (Tr. 356.) Diagnosed conditions which are controlled by medication are not disabling. *Warre v. Comm'r of the Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Because the ALJ actually accepted Dr. Nelson's opinion, using it to find Plaintiff did not have a severe impairment at step 2 and substantial evidence supports the ALJ's treatment of Dr. Nelson's opinion, the ALJ did not err and is affirmed.

**3.**     ***Dr. Borders***

In 2007, Dr. Borders evaluated Plaintiff. (Tr. 368-71.) Dr. Borders conducted a physical exam of Plaintiff. (Tr. 369.) Dr. Borders found Plaintiff suffers from chronic migraines with myofacial syndrome and "both...tend to respond very well to proper therapy." (Tr. 370.) Further, as to the myofacial syndrome, Dr. Borders found it was not permanent and as such, she did "not have any basis to be able to recommend any restrictions. Essentially the physical exam was within normal limits." (*Id.*) Dr. Borders did assess some physical limitations, but noted "Limitation is due to neck-strain and reported constant migraines. This restriction is on a temporary basis until he starts medical treatment for migraines." (Tr. 375.) Plaintiff argues Dr. Borders found significant limitations which the ALJ improperly rejected. (ECF N. 15 at 12.) Defendant argues the ALJ gave great weight to Dr. Borders' opinion and properly found that with treatment, Plaintiff had no restrictions due to migraine headaches. (ECF. No. 17 at 19.) The record supports the ALJ's weighting of Dr. Borders' opinion.

In Dr. Borders' 2007 evaluation, she recommended Plaintiff begin treatment for "classic migraines" and start "[a] good course of physical therapy and muscle relaxants ... to break the cycle." (Tr. 370.) The most recent record shows Plaintiff was referred for pain management and that daily exercise was recommended to better deal with his pain. (Tr. 387.) Follow up for treatment of TMJ was also recommended. (Tr. 390.) There is no indication these recommendations were followed and further Plaintiff has a history of failing to follow prescribed treatment. In January 2004, Plaintiff reported not taking amitriptyline prescribed for treatment of his headaches, but could not answer why he had stopped. (Tr. 205.) While the amitriptyline was later discontinued due to side effects (Tr. 220), Plaintiff has been prescribed other medication, but Plaintiff's records continue to note Plaintiff is not compliant with treatment. (See Tr. 394 (stating "the primary problem in his case, is that he has not been following the treatment regimes that have been prescribed for him"); Tr. 391 (stating "Unfortunately, the treatment we have done for his headache, he is noncompliant with").) Because substantial evidence supports the ALJ's reliance on Dr. Border's opinion, the ALJ did not err.

**B.    Step Two**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

At step two of the sequential process, the ALJ must determine whether the claimant suffers from a severe impairment. The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). An overly stringent application of the severity requirement violates the statute by denying benefits to claimants who meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). To satisfy step two, the claimant must first prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. 20 C.F.R. §§ 404.1508, 416.908. A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Thus, an impairment is not severe when the medical evidence establishes only a slight abnormality which has no more than a minimal effect on the individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citations omitted).

Additionally, credibility determinations bear on evaluations of medical evidence at step two when there are conflicting medical opinions or an inconsistency between Plaintiff's subjective complaints and a diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (finding the ALJ's stated reasons "for rejecting Webb's complaints at step two were not substantial enough to meet the 'clear and convincing' standard [for credibility determinations] when balanced against Webb's doctors' contemporaneous observations, some objective tests and Webb's subjective complaints"). A failure to follow prescribed treatment is a proper consideration in determining Plaintiff's credibility as to the severity of an impairment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991). Further, "[i]mpairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r of the Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). In sum, the fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. See e.g. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005-06 (9th Cir. 2005); *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir 1989).

The ALJ determined at step two Plaintiff's medically determinable impairments of headaches and hypertension were not severe because "[t]he claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months."  (Tr. 20, Finding 4.) Plaintiff argues "the evidence clearly establishes that [Plaintiff] suffers from significant impairments and did not file a groundless claim."  (ECF No. 15 at 7.)  Defendant argues the ALJ's determination at step two was proper and that Plaintiff's lack of credibility is "[t]he linchpin of the ALJ's step two analysis."  (ECF No. 17 at 16.)  The ALJ found Plaintiff not credible.  (Tr. 22.)  Plaintiff does not challenge this finding.  Relying on the opinions of Drs. Jachs, Nelson and Borders and Plaintiff's lack of credibility as to the severity of his headaches, the ALJ found Plaintiff's condition was not severe because neurological and CT scans have been negative, urgent care has not been required, the record contains clear evidence of malingering, Plaintiff is not compliant with treatment recommendations, Plaintiff is inconsistent concerning medications he takes, no treating doctor has assessed limitations beyond March 2004, and medical evidence does not support the level of limitations alleged by Plaintiff.  (Tr. 22-24.)  Substantial evidence supports these stated reasons.

In 2007, Payal Gaba, M.D. stated Plaintiff's headache "seems out of proportion to his symptoms."  (Tr. 393.)  Another provider at Central Washington Family Medicine noted, "In all instances his pain seems out of proportion to the paucity of physical findings."  (Tr. 394.)  In a June 2007 evaluation Jay M. Toews, Ed.D found "test scores were highly suggestive of malingering." (Tr. 23, referring to Tr. 356.)  As discussed above, the record contains numerous notations that Plaintiff is noncompliant with medication and treatment suggestions.  (Tr. 205, 387, 390, 391, 394.) At the hearing, Plaintiff testified to taking Vicodin daily for his headaches, but Vicodin does not appear on lists of medications from Plaintiff's treating providers other than a note that Plaintiff was prescribed Vicodin in the emergency room in November 2003.  (Tr. 196.)  Plaintiff alleges he takes Vicodin every day, every four to six hours.  (Tr. 531.)  No records substantiate Plaintiff's continued use of Vicodin.  Plaintiff's failure to follow prescribed treatment, combined with evidence in the record stating Plaintiff would have no limitations if treatment was followed and Plaintiff's lack of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

credibility as to his claimed limitations all support the ALJ's determination Plaintiff does not have a severe impairment. Because substantial evidence supports the ALJ, there is no error.

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED October 6th, 2011.

                    S/ JAMES P. HUTTON
              UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12